741 F.2d 1341
 Union Norman BETHELL, Plaintiff-Appellee,
v.
STATE OF FLORIDA, et al., Defendants,
Dr. Elton J. Gissendanner, individually; J.J. Brown, etc.,
individually; Lewis S. Livings, etc.,
individually; and Joel E. Aills, etc.,
individually, Defendants-Appellants.
 No. 83-5727.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 18, 1984.
 
 Kevin X. Crowley, Deputy Gen. Counsel, Dept. of Natural Resources, Bruce Barkett, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants.
 Leslie M. Kannan and Lisa Hemmer, Dept. of Justice, Washington, D.C., Leanne J. Frank, Corlett, Killian, Hardeman, McIntosh & Levi, P.A., Miami, Fla., David Paul Horan, Key West, Fla., for amicus curiae, Secretary of Commerce.
 Joshua M. Morse, III, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tallahassee, Fla., for amicus curiae, Organized Fishermen of Fla., Inc.
 Appeal from the United States District Court for the Southern District of Florida.
 Before TJOFLAT and VANCE, Circuit Judges, and ATKINS*, District Judge.
 PER CURIAM:
 
 
 1
 In July 1982, Bethell was arrested eight miles beyond Florida territorial boundaries by Florida agents and charged with a violation of Fla.Stat. Sec. 370.1105(2) (1983), which prohibits the possession of fish traps and the taking of finfish with fish traps. Bethell filed this civil rights suit under 42 U.S.C. Sec. 1983 (1982), seeking a declaration that the statute was unconstitutional as applied outside the boundaries of the state, preliminary and permanent injunctions against its extraterritorial application, and damages. The district court granted Bethell summary judgment regarding the constitutionality of the statute, and issued a permanent injunction against its application outside Florida boundaries. The court reserved ruling on the issue of damages. The State appeals; we have jurisdiction under 28 U.S.C. Sec. 1292(a)(1) (1982) (allowing interlocutory appeal from an order granting an injunction).
 
 
 2
 Since the State's appeal, the Florida Supreme Court has construed section 370.1105(2), under which Bethell was arrested, and determined that it does not apply outside the territorial boundaries of the state. Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984). Accordingly, we no longer have a live controversy before us on this issue. We thus are obliged to vacate the district court's order granting injunctive relief and to remand the case for disposition of any remaining claims. See Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 201-02, 24 L.Ed.2d 214 (1969) (vacating judgment and remanding case which had "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law.")
 
 
 3
 VACATED and REMANDED.
 
 
 
 *
 Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation