108 F.3d 328
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jose DEMELO, Petitioner, Appellee,
v.
Charles T. COBB, et al., Respondents, Appellants.
 No. 96-2143.
 United States Court of Appeals, First Circuit.
 Feb. 27, 1997.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge ]
 Frank W. Hunger, Assistant Attorney General, Civil Division, David M. McConnell, Assistant Director, and Kristen A. Giuffreda, Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, on Motion to Vacate for appellants.
 Before SELYA, Circuit Judge, CYR, Senior Circuit Judge, and LYNCH, Circuit Judge.
 PER CURIAM.
 
 
 1
 Section 440(c) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, 1277 (Apr. 24, 1996) (AEDPA), provides for the mandatory detention of certain categories of criminal aliens pending deportation proceedings. The district court here determined that § 440(c) did not apply to those aliens, such as petitioner, who had been convicted and released from incarceration prior to AEDPA's effective date. See DeMelo v. Cobb, 936 F.Supp. 30 (D.Mass.1996). Respondents, having appealed from this ruling, now suggest that their appeal has become moot in light of the intervening enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) (IIRIRA). As a result, they request that the district court order be vacated "to the extent it relies on a finding that section 440(c) of the AEDPA is inapplicable," and also that the case be remanded for further proceedings. Petitioner has filed no opposition.
 
 
 2
 We agree that the advent of IIRIRA has rendered moot the question of whether AEDPA's mandatory-detention provision applies here--the sole issue raised on appeal. With the implementation of the "transition period custody rules," see IIRIRA § 303(b)(3), section 440(c) of AEDPA has specifically been rendered inoperative during the interim period, see IIRIRA § 303(b)(2); the question of AEDPA's applicability is thus no longer in contention. In so concluding, we express no opinion as to whether IIRIRA's transitional rules--as opposed to the rules governing detention under the pre-AEDPA regime, to the extent they might differ--apply to petitioner.
 
 
 3
 We likewise agree that it is appropriate under the circumstances to vacate the district court's order to the extent it relies on a finding that § 440(c) of AEDPA is inapplicable. See, e.g., United States v. Munsingwear, 340 U.S. 36, 39 (1950); Knight v. Mills, 836 F.2d 659, 671-72 (1st Cir.1987) (ordering partial vacatur); Bethell v. Florida, 741 F.2d 1341, 1342 (11th Cir.1984) (per curiam) (similar).
 
 
 4
 The motion to vacate is allowed; the district court's order of June 19, 1996 is vacated as moot to the extent it relies on a finding that § 440(c) of AEDPA is inapplicable. The case is remanded to the district court for further proceedings as appropriate.